IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12CR00053-001 |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN MATTHEW ELLIS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, John Matthew Ellis, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States filed a Motion to Dismiss. Ellis responded and also filed a letter motion seeking to amend the § 2255 motion, challenging his sentence based upon the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015). The court ordered additional briefing on the *Johnson* issue and appointed counsel for Ellis.

The § 2255 motion is now ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

Ellis and seven codefendants were charged in a multi-count Indictment. Ellis was charged with conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One); possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); manufacturing methamphetamine and creating substantial risk of harm to human life, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 858 (Count Three); knowingly using and maintaining a place for the purpose of manufacturing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(1) (Count Four); knowingly and intentionally possessing pseudoephedrine with the intent to manufacture methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(c)(1) and 841(c)(2) (Count Five); and knowingly possessing firearms after having been convicted of a crime punishable by more than one year in prison and while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1) , 922(g)(3) and 924(e) (Count Six).

On August 19, 2013, Ellis' trial counsel moved to suppress all physical evidence seized by law enforcement during a June 18, 2012, search of Ellis' home and statements Ellis made to law enforcement following the search. Counsel argued that the search warrant was overly broad and lacked specific facts to

establish probable cause. (Mot. to Suppress 2, ECF No. 130.) He also argued that law enforcement interrogated Ellis without first informing him of his rights under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). (Second Mot. to Suppress 1, ECF No. 131.) A hearing was scheduled on the motions.

On September 5, 2013, the day before the scheduled motions hearing, Ellis pleaded guilty pursuant to a written Plea Agreement to a lesser-included offense of Count One and to Count Six. (Plea Agreement 1, ECF No. 137.) The Plea Agreement provided that Ellis qualified pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and United States Sentencing Guideline § 4B1.4. (*Id*. at 1-2, 3.) In accordance with the ACCA, the Plea Agreement provided Ellis' statutory range of imprisonment for Count Six as fifteen years to life. (*Id*. at 1-2.) It also provided that Ellis' base offense level was 33 under the Sentencing Guidelines. (*Id*. at 3.)

At the guilty plea hearing, Ellis affirmed that he had an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it. (Plea Hr'g Tr. 5, ECF No. 267.) Ellis further affirmed that he was "fully satisfied with [his] lawyer's representation." (*Id.*) The prosecutor summarized the terms of the Plea Agreement. (*Id*. at 5-6.) Both the prosecutor and the court advised Ellis that he faced a maximum statutory penalty of not more than twenty years imprisonment on Count One and a mandatory minimum of fifteen years and maximum of life

- 3 -

imprisonment on Count Six because of his status as an armed career criminal. (*Id.* at 5-6, 7.) Ellis affirmed his understanding that by pleading guilty he gave up his right to proceed to trial. (*Id.* at 9-10.) In addition, he stated that he understood that under the Plea Agreement he gave up his right to appeal or collaterally attack his sentence. (*Id.* at 6-7.) Ellis affirmed that no one had made any promises to him other than those contained in the Plea Agreement to cause him to plead guilty and that no one had threatened him or attempted to force him to plead guilty. (*Id.* at 7.) I found that Ellis was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made. (*Id.* at 14.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 30[1] and a criminal history category of IV, resulting in a guideline imprisonment range of 135 to 168 months. (PSR ¶ 104, ECF No. 209.) However, the minimum term of imprisonment on Count Six with the ACCA enhancement was 180 months. (*Id.*) Because the statutorily authorized minimum sentence was greater than the maximum applicable guideline range, the statutory minimum of 180 months imprisonment was recommended. (*Id.*) Ellis had five prior Virginia convictions relevant to his status as an armed career criminal under the ACCA: (1) a March

---

[1] The Plea Agreement and PSR listed Ellis base offense level as 33 due to his status as an armed career criminal, and the PSR recommended a three-point reduction for acceptance of responsibility.

24, 1989, conviction for cocaine distribution; (2) a March 24, 1989, conviction for cocaine distribution; (3) a January 14, 1994, conviction for robbery; (4) a January 14, 1994, conviction for malicious wounding; and (5) an October 1, 1993, conviction for robbery.[2] (*Id.* at ¶¶ 47, 48, 54, 55.) Ellis does not dispute that the two drug convictions are ACCA predicate offenses.

At a sentencing hearing on January 15, 2014, I sentenced Ellis to 180 months' imprisonment, the mandatory minimum sentence under the ACCA. (Sent. Tr. 10, ECF 268.) He did not appeal.[3]

In his present § 2255 motion, Ellis alleges that counsel provided ineffective assistance by: (1) advising him to withdraw his motions to suppress and plead guilty; (2) advising him against moving to withdraw his guilty plea; (3) failing adequately to investigate the circumstances surrounding the search warrant used to search his home; and (4) refusing to prepare for trial. (§ 2255 Mot. 5-15, ECF No. 292.) Ellis also claims that he no longer qualifies as an armed career criminal under the ACCA because his prior robbery and malicious wounding convictions cannot serve as predicate offenses following *Johnson v. United States*, 135 S. Ct. at 2563.

---

[2] The Plea Agreement did not specify the prior convictions on which it relied to establish Ellis status as an armed career criminal.

[3] On January 31, 2014, Ellis filed a pro se letter requesting additional time to file a notice of appeal. (ECF No. 229.) The court construed his letter as a notice of appeal. (ECF No. 231-1.) On February 14, 2014, Ellis sought dismissal of the appeal. (ECF No. 245.) On February 18, 2014, the court of appeals granted his motion. (ECF No. 247.)

II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Ellis bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

A. Ineffective Assistance of Counsel.

The proper vehicle for a defendant to raise ineffective assistance of counsel claims is by filing a § 2255 motion. *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is

judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Ellis' claims of ineffective assistance of counsel do not satisfy *Strickland's* stringent requirements. Accordingly, these claims will be dismissed.

Ellis first alleges that counsel erred by recommending that he withdraw his suppression motions and plead guilty. (Mot. to Vacate 4-5, ECF No. 292.) Ellis claims that his suppression motions would have been granted but counsel "coerced and enduced [sic] me to believe his advise [sic]." (*Id.* at 5.)

These claims are directly contradicted by Ellis' affirmations under oath during the Rule 11 colloquy that he had adequate opportunity to read and discuss the Plea Agreement and that no one had threatened or forced him to plead guilty. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that

absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Moreover, Ellis provides no facts, other than the motions themselves, to support his claim that his suppression motions would have been granted. Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992).

In addition, pursuant to the Plea Agreement, four of the six charges against Ellis were dropped and he was allowed to plead guilty to a lesser-included offense on Count One with no mandatory minimum sentence. Accordingly, counsel's advice to accept a guilty plea appears manifestly reasonable. *See Strickland*, 466 U.S. at 689 (noting that "judicial scrutiny of counsel's performance must be highly deferential" because "it is all too easy" to second-guess sound trial strategy with benefit of hindsight).

Next, Ellis argues that counsel provided ineffective assistance by advising him not to withdraw his guilty plea, once entered. If Ellis had withdrawn his guilty plea, he would have violated the terms of his Plea Agreement, and the government could have sought a number of remedies including recommending a higher sentence and reinstating dismissed counts. (Plea Agreement 10-11, ECF No. 137.)

Assuming that counsel did urge Ellis not to withdraw his guilty plea, this advice is not objectively unreasonable.

Third, Ellis claims that by not investigating and litigating the suppression motions, his counsel provided deficient performance. Ellis' counsel researched, wrote, and filed the two suppression motions on his behalf, so clearly counsel did investigate the issues. *See Emmett v. Kelly*, 474 F.3d 154, 161 (4th Cir. 2007) (noting that counsel's decisions to investigate must be assessed for reasonableness). Counsel's advice to Ellis to plead guilty followed an investigation into the suppression issues. Accordingly, Ellis' claim that his counsel failed to investigate lacks merit and must be dismissed.

Finally, Ellis argues that his counsel's failure to prepare for trial, when asked to do so, constitutes deficient performance. The Constitution establishes that every defendant facing criminal charges has the right to proceed to trial. U.S. Const. amend. VI. At his plea colloquy, Ellis affirmed that he understood that he had the right to a jury trial where the government would have to prove beyond a reasonable doubt that he was guilty of the crimes for which he was charged. (Plea Hr'g Tr. 9-10, ECF No. 267.) He also stated that he understood that by pleading guilty, he would necessarily have to waive his right to a jury trial. (*Id*. at 10.) Ellis decided to plead guilty anyway. (*Id*. at 11-12.) Because Ellis knowingly gave up his right

to proceed to trial, he cannot successfully argue that his counsel provided ineffective assistance of counsel by failing to prepare for trial.

Ellis fails to meet the requirements of the first *Strickland* prong on all of his ineffective assistance of counsel claims because he cannot show that counsel provided deficient performance. 466 U.S. at 689. Accordingly, these claims will be dismissed.

B. *Johnson* Claim.

Ellis asserts that he is entitled to relief under § 2255 because he no longer qualifies under the ACCA as an armed career criminal and therefore is not subject to a fifteen-year mandatory minimum sentence. (Am. Mot. to Vacate 2, ECF No. 309.) As part of Ellis' Plea Agreement, he expressly waived the right to collaterally attack his sentence other than to bring a claim for ineffective assistance of counsel. (Plea Agreement 8, ECF No. 137.) The United States has asserted this waiver as to the present motion. *See United States v. Cohen*, 459 F.3d 490, 497 (4th Cir. 2006) (noting that sentencing errors are normally barred by valid appeal waivers).

In opposition, Ellis argues that "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute." *United States v. Martin*, 961 F.2d 493, 496 (4th Cir. 1992). It is true that "'equitable principles' have traditionally

- 10 -

Case 1:12-cr-00053-JPJ-RSB   Document 321   Filed 02/11/16   Page 10 of 16   Pageid#: 1066

'governed' the substantive law of habeas corpus. . . ." *Holland v. Florida*, 560 U.S. 631, 646 (2010) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). But even were I to accept Ellis' argument that his waiver does not bar his claim that his sentence was illegal, because I conclude that Ellis' robbery convictions <u>do</u> qualify as violent felonies under the ACCA following *Johnson*, and that his sentence thus was not erroneous, I must dismiss his claim.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). A defendant who violates this law is subject to a prison term of up to ten years. 18 U.S.C. § 924(a)(2). However, when the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA increases the punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

- 11 -

Case 1:12-cr-00053-JPJ-RSB   Document 321   Filed 02/11/16   Page 11 of 16   Pageid#: 1067

18 U.S.C. § 924(e)(2)(B).[4] In *Johnson*, the Supreme Court struck down the residual clause of the violent felony definition. 135 S. Ct. at 2563. The Court concluded that the residual clause was too vague to provide courts and defendants with an understanding of the types of crimes covered, and so violated the Constitution's guarantee of due process. *Id*. Accordingly, following *Johnson*, a defendant's prior conviction qualifies as a violent felony only if it had as an element the use, attempted use, or threatened use of physical force, or was for burglary, arson, extortion or involved explosives. Ellis asserts that his prior convictions for robbery and malicious wounding do not satisfy the force clause of the violent felony definition, making him ineligible for the fifteen-year mandatory minimum enhancement.

Starting with robbery, I must look at the elements of the offense to determine whether a conviction necessarily involves the use or threatened use of force and therefore categorically satisfies the ACCA's force clause. *See, e.g.*, *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (noting that courts must apply a categorical approach in determining whether a prior offense qualifies as a predicate offense under ACCA).

---

[4] Section 924(e)(2)(B)(i) is known as the "force clause" of the ACCA. The first part of § 924(e)(2)(B)(ii) is known as the "enumerated crimes clause." The closing part of subsection (ii) is referred to as the ACCA's "residual clause." *See United States v. Hemingway*, 734 F.3d 323, 327 (4th Cir. 2013). Neither party suggests that Ellis' prior convictions fall within the scope of the enumerated crimes clause.

Virginia has not statutorily defined robbery but relies on the common law. "Robbery at common law is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *George v. Commonwealth*, 411 S.E.2d 12, 20 (Va. 1991) (internal quotation marks and citation omitted). Ellis argues that in Virginia, it is possible to be convicted of robbery without the type of "physical force" or "threat of force" required under the ACCA's force clause. The Supreme Court has established that the type of "physical force" intended under the ACCA is "violent force — that is, force capable of causing physical pain or injury to another person." *United States v. Johnson*, 559 U.S. 133, 140 (2010). It has not defined further the requirements necessary to establish a "threat of force."

Ellis' argument is foreclosed. In 1995, the Fourth Circuit considered and rejected the precise issue Ellis raises here. It held that "[v]iolence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, [the defendant's] robbery convictions were properly used as predicates under ACCA." *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995); *see also United States v. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003) ("Looking to the common law definition of robbery as it has been articulated by the Virginia courts, we agree with the Fourth

- 13 -

Case 1:12-cr-00053-JPJ-RSB   Document 321   Filed 02/11/16   Page 13 of 16   Pageid#: 1069

Circuit that this definition of robbery, on its face, has as an element the use or threatened use of physical force.").

The Virginia Supreme Court has similarly noted that a robbery conviction requires some violent act or threat of violence. "[R]obbery must be accomplished by violence to the person who theretofore had the property in his possession (on his person or in his presence), or must be accomplished by putting such person in fear of immediate injury to his person." *Mason v. Commonwealth*, 105 S.E.2d 149, 151 (Va. 1958).

Ellis relies on an unpublished decision by the Fourth Circuit that calls into question whether robbery qualifies as a predicate offense under the ACCA's force clause. In *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011) (unpublished), the defendant was convicted of robbery in North Carolina, which, similar to Virginia, criminalizes the "felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *Id.* at 770 (internal quotation marks and citation omitted). The court of appeals concluded that "[a]lthough this offense does not necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' . . . it qualifies as a violent felony under the residual clause. . . ." *Id*. (citations omitted). Of course, unpublished decisions of the Fourth Circuit have no precedential value and are useful only for their persuasive reasoning. *Collins v.*

*Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006). *Carmichael* did not provide reasoning other than its conclusory statement that common law robbery does not satisfy the force clause of the ACCA, so it is unpersuasive.

Because the Fourth Circuit has established that Virginia common law robbery is a crime of violence under the force clause of the ACCA, and because neither the Supreme Court nor an en banc opinion by the Fourth Circuit has abrogated that holding, Ellis' arguments must fail. *See United States v. Simms*, 441 F.3d 313, 318 (4th Cir. 2006) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (internal quotation marks and citation omitted).

Ellis' two prior robbery convictions, in conjunction with his two prior serious drug offenses, provide the predicate offenses necessary to trigger the increased penalty for an armed career criminal under the ACCA. Accordingly, I need not determine whether Ellis' prior conviction for malicious wounding also qualifies as a violent felony under the ACCA.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

          DATED: February 11, 2016

          /s/ James P. Jones
          United States District Judge